UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBBY BURNS,<br><br>    Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF ENERGY, BONNEVILLE POWER ADMINISTRATION,<br><br>    Defendant. | Case No. 09-5548RJB<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS |

  This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 9). The Court has considered the motion, the response thereto, and the remainder of the file herein.

  On August 13, 2009, Plaintiff Robby Burns filed a notice of small claims with the Mason County District Court alleging that Defendant Bonneville Power Administration ("BPA") committed theft of property. Dkt. 1-2. On September 9, 2009, the Defendant removed the case from state district court to this court based upon 28 U.S.C. § 1442(a)(1). Dkt. 1. Defendant BPA now moves to dismiss Plaintiff's case because this court is without jurisdiction. *Id.* The Defendant states that under the Federal Tort Claims Act, it is a jurisdictional requirement that an administrative claim be presented to the appropriate federal agency before suit may be instituted in federal district court. *Id.* Defendant alleges that the Plaintiff has failed to file the required administrative claim before filing suit. *Id.* Defendant contends that failure to file an

ORDER - 1

1 administrative claim deprives the Court of jurisdiction over the subject matter of the Complaint.
2 *Id*.

3 Defendant Robby Burns responds by stating the BPA never mentioned any requirement
4 that he must file an administrative tort claim. Dkt. 11-2. Mr. Burns states that he did exhaust
5 many remedies by meeting with the Project Manager and real estate representative from BPA.
6 *Id*. Mr. Burns states that the meetings ended with no resolution. *Id*. Mr. Burns further states
7 that he investigated how to file a claim on the BPA website, but found no information. *Id*. At
8 that point, Mr. Burns filed a small claim complaint, which was subsequently removed by the
9 BPA to this Court. *Id*.

10 When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not
11 restricted to the face of the pleadings, but may review any evidence to resolve factual disputes
12 concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.
13 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375,
14 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until
15 plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375
16 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).
17 Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction.
18 *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594
19 F.2d 730, 733 (9th Cir. 1979).

20 28 U.S.C. § 2675 states:

21 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the
22 negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall
23 have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or
24 registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time
25 thereafter, be deemed a final denial of the claim for purposes of this section.

26 It appears that Mr. Burns has not exhausted his administrative remedies in accordance with
27 applicable statutes. Therefore, the Court is without subject matter jurisdiction regarding this
28 matter. The Defendant's motion should be granted.

ORDER - 2

1        The Court understands Mr. Burns' frustration.  The BPA and the Defendant's counsel did

2 not provide information to Mr. Burns regarding the procedure required to file an administrative

3 complaint to resolve this matter outside the Court, or to prepare it for Court resolution.  Faced

4 with no further information, Mr. Burns proceeded in a manner he thought was appropriate.

5 However, regardless of the seeming unfairness, the Court must follow the law.  Unless a claim is

6 properly filed, the Court is without authority to act.

7        The Court notes that while opposing counsel can not give legal advice to an

8 unrepresented party under the Washington Rules of Professional Conduct, comment 4 of RPC

9 4.3 states that "Government lawyers are frequently called upon by unrepresented persons, and in

10 some instances by the courts, to provide general information on laws and procedures relating to

11 claims against the government. The provision of such general information by government

12 lawyers is not a violation of this Rule."  A little provision of such general information by defense

13 counsel may well have aided a more fair and more rapid conclusion to this case.

14        The Court does hereby find and ORDER:

15        (1)  Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED**;

16        (2)  The Plaintiff's case is dismissed; and

17        (3)  The Clerk is directed to send copies of this Order all counsel of record and any party

18 appearing *pro se* at said party's last known address.

19        DATED this 27th day of April, 2010.

                                       Robert J. Bryan
                                       United States District Judge

ORDER - 3